UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HAYM SALOMON HOME FOR THE AGED, LLC,

                     Plaintiff,           **Memorandum and Order**
                                                          CV-06-3266 (JG) (JMA)

   -against-


THE HARTFORD STEAM BOILER INSPECTION
AND INSURANCE COMPANY ("HSB"), et. al.,

                     Defendants.
------------------------------------------------------------------X


A P P E A R A N C E S:

Seth Eisenberger, Esq.
108 Airport Executive Park
Nanuet, NY 10954
    *Attorney for Plaintiff*

Lawrence Dugan, Esq.
Aarti Soni, Esq.
Morrison Mahoney, LLP
17 State Street, Suite 1110
New York, NY 10004
    *Attorneys for Defendants*


**AZRACK**, **United States Magistrate Judge:**

       Before the Court is plaintiff's motion for reconsideration of the Court's March 10, 2009

ECF Order. For the reasons discussed below, plaintiff's motion is denied.

       I. Background

       This case involves plaintiff's claims for breach of contract, fraud and negligence against

the various defendants. The Court assumes the parties' familiarity with the underlying facts and

allegations in this case and discusses only facts pertinent to the instant application.

By letter motion dated February 19, 2009, plaintiff sought, *inter alia*, an order directing the production of various communications withheld by defendants pursuant to the work product doctrine. (See Dkt. No. 67.) In response, defendants submitted these communications to the Court for *in camera* review. After inspecting the communications at length, I concluded that the documents were properly withheld by defendants and denied plaintiff's motion to compel their production. (See ECF Order dated March 10, 2009.) On March 16, 2009, plaintiff moved for reconsideration of that Order, arguing that defendant HSB waived the work product protection "when it communicated the information with its testifying experts." (See Dkt. No. 71.)

II. Discussion

In light of plaintiff's motion, the Court has again reviewed the materials submitted by defendants for *in camera* inspection and has considered the authority cited by plaintiff in its letter application. However, for the reasons stated in the Court's ECF Order dated March 10, 2009, as well as for the reasons set forth in this Memorandum and Order, plaintiff's motion for reconsideration is denied.

As noted in the case law cited by plaintiff, when attorney work product and/or other privileged material is *produced* to an expert *for the expert's consideration*, the protections afforded by the work product doctrine are waived, and such material is discoverable. See B.C.F. Oil Ref. v. Consol. Edison Co., 171 F.R.D. 57, 66 (S.D.N.Y. 1997) (work product produced to expert for expert consideration discoverable); Mfg. Admin. and Mgmt. Sys., Inc., 212 F.R.D. 110, 117 (E.D.N.Y 2002) (work product "shared" with expert for consideration by expert discoverable). However, the communications at issue in this case—email dialogues between defendants, in-house counsel, outside counsel and expert witnesses—do not include any material produced by counsel to defendants' experts for the experts' consideration. Rather, the email

chains at issue here concern counsel's impressions and inquiries regarding various metallurgical testing methods; scheduling conflicts for various depositions to be held in this action; and updates relating to the course of the litigation.

"Obviously, impressions and strategies are not always created in a vacuum, but, rather are generated in cogent discourse with others, including the clients and the agents. Further, the exchange of such documents and ideas with those whose expertise and knowledge of certain facts can help the attorney in the assessment of any aspect of the litigation does not invoke a waiver of the [work product] doctrine." NXIVM Corp. v. O'Hara, 241 F.R.D. 109, 128 (N.D.N.Y. 2007) citing United States v. Nobles, 422 U.S. 225, 239 (1975); United States v. Adlman, 68 F.3d 1495, 1502 (2d Cir. 1995). Accordingly, I find that HSB has not waived the protections afforded by the work product doctrine with regard to the communications submitted to the Court for *in camera* review.

In any event, to the extent that any of the communications discussed in the email chains described above may be interpreted as "material" protected by the work product doctrine and subsequently produced to defendants' experts, such communications are nevertheless entitled to the protection of the doctrine because it is clear that these communications have no relation to the experts' roles as experts but, rather, are related, if at all, to the experts' roles as technical consultants in this case. See B.C.F Oil, 171 F.R.D. at 61-62.

Finally, with regard to plaintiff's claim that the Court failed to order the production of any remaining non-privileged documents, (see Dkt. No. 71, ¶ 1, point (2)), it was the Court's understanding at the most recent status conference, as well as per defendants' letter in opposition to plaintiff's motion, that this issue was resolved between the parties. (See Dkt. No. 70 at 2.) ("As far as producing documents reviewed by our experts, such documents in our possession

have already been produced in this case.  There is no additional documentation in this matter that our experts have reviewed.")  Should the parties continue to disagree on this remaining point, plaintiff's counsel is directed to submit a letter outlining the dispute and request a telephone conference.

III. Conclusion

For the forgoing reasons, plaintiff's motion for reconsideration is denied.  In the event any of the discovery disputes outlined in plaintiff's February 19, 2009 letter application remain unresolved, plaintiff is directed to submit a letter to the Court describing the outstanding disputes and request a telephone conference.

SO ORDERED.

Dated: March 23, 2009
       Brooklyn, New York

                                                    ___/s/_____
                                                    JOAN M. AZRACK
                                                    UNITED STATES MAGISTRATE JUDGE